**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

KATRINA KOLASA,
f/k/a KATRINA BUCHKA,

Plaintiff,

CIVIL ACTION NO. 05-070 L

v.

AMERICAN FOAM CORPORATION, et al.,

Defendants.

**ANSWER OF DEFENDANT CITADEL COMMUNICATIONS CORPORATION TO PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF FIRST AMENDED MASTER COMPLAINT**

For its reply to the Pro Forma Complaint and Notice of Adoption of First Amended Master Complaint (hereinafter "Complaint"), defendant Citadel Communications Corporation d/b/a WQGN-FM ("Citadel"), by its attorneys, Little Medeiros Kinder Bulman & Whitney PC and Debevoise & Plimpton, states as follows:

1-240. Citadel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 240 of the Complaint.

241-270. Plaintiffs have reserved paragraphs 241 through 270.

271. Paragraph 271 states a legal conclusion as to which no responsive pleading is required.

272. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

273-706. The allegations contained in these paragraphs are not asserted against Citadel, and therefore Citadel has no obligation to respond to them. Alternatively, Citadel denies

5

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 273-706 of the Complaint.

## PLAINTIFF'S ADDITIONS TO FIRST AMENDED MASTER COMPLAINT ("ADDENDUM")

### PARTIES

1-5. Citadel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1-5 of the Addendum.

6. Citadel denies the allegations contained in paragraph 6 of the Addendum, and alleges that (1) Citadel is a corporation organized under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada, (2) Citadel owns the radio stations WQGN-FM and WXLM-FM (formerly WUXL-FM or "Rock 102") in New London, Connecticut, (3) Rock 102 aired advertisements for the Great White concert at The Station on February 20, 2003 ("Concert"), and (4) Rock 102 distributed tickets, provided by promoters of the Concert as part of the parties' advertising contract, to winning listeners and radio station staff members.

7. Citadel denies the allegations contained in paragraph 7 of the Addendum, and alleges that (a) plaintiffs or plaintiffs' decedents Jude Henault and Glenn Johnson won tickets to the Concert from Rock 102 by calling into the radio station for the express purpose of winning said tickets, (b) plaintiffs' decedent Gerfin received a ticket to the Concert directly from his friend and neighbor, who happened to be employed by Rock 102, and (c) upon information and belief, these plaintiffs or plaintiffs' decedents attended the Concert.

8. Citadel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Addendum.

9. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

10-22. The allegations contained in these paragraphs are not asserted against Citadel, and therefore Citadel has no obligation to respond to them. Alternatively, Citadel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10-22 of the Addendum.

23. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

24. Citadel denies the allegations contained in paragraph 24 of the Addendum, except admits that Citadel is a Delaware corporation and owns the radio stations WQGN-FM and WXLM-FM (formerly WUXL-FM or "Rock 102"), which broadcast into Connecticut and Rhode Island.

25. Citadel denies the allegations contained in paragraph 25 of the Addendum.

26. Citadel admits the allegations contained in paragraph 26 of the Addendum.

27. Citadel denies the allegations contained in paragraph 27 of the Addendum.

28. Citadel denies the allegations contained in paragraph 28 of the Addendum, except admits that Rock 102 received compensation in exchange for advertising the Great White concert.

29-34. Citadel denies the allegations contained in paragraphs 29 through 34 of the Addendum.

35-58. The allegations contained in these paragraphs are not asserted against Citadel, and therefore Citadel has no obligation to respond to them. Alternatively, Citadel denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 35-58 of the Addendum.

59. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

60-64. Citadel denies the allegations contained in paragraphs 60 through 64 of the Addendum.

## DEFENSES

### General Defenses

Unless otherwise specifically admitted herein, each and every allegation contained in the Complaint is hereby denied.

### First Affirmative Defense

The Complaint fails to state a claim for which relief may be granted.

### Second Affirmative Defense

Citadel did not owe a duty of care to Plaintiff.

### Third Affirmative Defense

No joint venture relationship existed between Citadel and any of the other named defendants.

### Fourth Affirmative Defense

Any alleged injuries or damages sustained by Plaintiff were not directly or proximately caused by any direct or indirect act or omission by Citadel but were the result of independent, intervening and/or superseding negligent and/or criminal acts or omissions of parties or nonparties over whom Citadel had no control and for whom Citadel is not legally responsible.

**Fifth Affirmative Defense**

The Complaint is barred, in whole or in part, by Plaintiff's comparative fault or negligence.

**Sixth Affirmative Defense**

The Complaint is barred, in whole or in part, by the doctrines of avoidable consequences and assumption of risk.

**Seventh Affirmative Defense**

The Complaint is barred, in whole or in part, by the doctrines of estoppel, waiver and acquiescence.

**Eighth Affirmative Defense**

To the extent the Complaint seeks punitive damages, such damages are unavailable under applicable law.

**Ninth Affirmative Defense**

Citadel reserves the right to amend this Answer and to assert additional defenses or affirmative defenses, or to supplement, alter or change this Answer, upon ascertaining more definite facts during and upon completion of its investigation and discovery.

WHEREFORE, defendant Citadel Communications Corporation respectfully requests judgment dismissing the Complaint in its entirety, and awarding Citadel its costs and attorneys' fees, together with such other and further relief that the Court deems just and proper.

Dated: April 8, 2005

LITTLE MEDEIROS KINDER BULMAN &
WHITNEY PC

Matthew F. Medeiros (#1856)
72 Pine Street
Providence, RI 02903
(401) 272-8080 (phone)
(401) 272-8195 (fax)

Bruce P. Keller
Michael Potenza
DEBEVOISE & PLIMPTON
919 Third Avenue
New York, New York 10022
(212) 909-6000 (phone)
(212) 909-6386 (fax)

*Attorneys for Defendant Citadel Communications Corporation d/b/a WQGN-FM*

## CERTIFICATION

I hereby certify that on this 8th day of April 2005, I caused to be emailed a copy of the within Answer of Defendant Citadel Communications Corporation to Pro Forma Complaint and Notice of Adoption of First Amended Master Complaint to the following counsel of record:

| | |
|---|---|
| Andrew Trevelise | atrevelise@reedsmith.com |
| Ann Songer | asonger@shb.com |
| Anthony DeMarco | tdemarco@conversent.net |
| Brian Cunha | Brian@Briancunha.com |
| Bruce P. Keller | bpkeller@debevoise.com |
| C. Russell Bengtson | RBengtson@ckmlaw.com |
| Carl Henlein | chenlein@fbtlaw.com |
| Charles Babcock | CBabcock@jw.com |
| Charles Redihan | credihan@KPRlaw.com |
| Christopher Fallon | cfallon@cozen.com |
| Curtis Diedrich | Cdiedrich@sloanewalsh.com |
| Deborah Solmor | dsolmor@skadden.com |
| Donald Maroney | dmaroney@kkrs.com |
| Donna Lamontange | Dlamontagne@zizikpowers.com |
| Edward Crane | ecrane@skadden.com |
| Edward Hinchey | EHinchey@sloanewalsh.com |
| Edwin McPherson | emcpherson@m-klaw.com |
| Eva Marie Mancuso | Emancuso@hwac.com |
| Faith LaSalle | flasalle@lasallelaw.com |
| Fred Kelly | fkelly@nixonpeabody.com |
| George Wolf | GWolf@shb.com |
| Georgia Sullivan | Georgia.Sullivan@thehartford.com |
| Gregory L. Boyer | boyerlaw1@aol.com |
| Howard Julien | sohohomes@yahoo.com |
| Howard Merten | hmerten.station@vetterandwhite.com |
| James Lee | jlee@riag.ri.gov |
| James Murphy | jtm@hansoncurran.com |
| James Reilly | jreilly@kkrs.com |
| James Restivo | jrestivo@reedsmith.com |
| James Ruggieri | JRuggieri@hcc-law.com |
| John Mahoney | johnmahoney@amlawllp.com |
| Joseph Cavanagh | jvc@blishcavlaw.com |
| Kathleen Daniels | kathleen@desistolaw.com |
| Lauren DiSimone Wilkins | lwilkins@smithbrink.com |
| Marc DeSisto | marc@Desistolaw.com |
| Mark Cahill | mcahill@choate.com |
| Mark Dolan | Ricedolank@aol.com |
| Mark Hadden | MHadden@mhaddenlaw.com |
| Mark Mandell | msmandell@msn.com |

| | |
|---|---|
| Mark Nugent | mnugent@morrisonmahoney.com |
| Mark Ostrowski | mostrowski@goodwin.com |
| Max Wistow | jdean@wistbar.com |
| Michael Potenza | mpotenza@debevoise.com |
| Michael St. Pierre | mikesp@rrsplaw.com |
| Patrick Jones | pjones@cmj-law.com |
| Ralph J. Monaco | rmonaco.c-l@snet.net |
| Richard MacAdams | Rmacadams@mandwlaw.com |
| Robert Reardon/Robert Rimmer | Reardonlaw@aol.com |
| Ronald Langlois | rlanglois@smithbrink.com |
| Ronald Resmini | Resminilaw@yahoo.com |
| Scott J. Tucker | STucker@ths-law.com |
| Stephanie DiMaio Larivee | singinglawyer@msn.com |
| Stephen Breggia | sbreggia@BBGlaw.us |
| Stephen Fogarty | fogerty@halloran-sage.com |
| Stephen Izzi | stephen.izzi@hklaw.com |
| Stephen Minicucci | SMinicucci@calvinolaw.com |
| Stephen Prignano | sprignano@edwardsangell.com |
| Steven Richard/Fred Kelly | StationFireLitigation@nixonpeabody.com |
| Susan Wettle | swettle@fbtlaw.com |
| Thomas Angelone | Angelonelaw@aol.com |
| Thomas Lyons | tlyons@straussfactor.com |
| W. Thomas McGough | tmcgough@reedsmith.com |

Veronica Leone