**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KATRINA KOLASA, f/k/a KATRINA BUCHKA** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. No.: 05-070 L** |
| **JEFFREY DERDERIAN, *et al.*,** | : | |
| **Defendants** | : | |

**DEFENDANTS FOAMEX, LP, FOAMEX INTERNATIONAL, INC., FMXI, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED MASTER COMPLAINT**

Defendants Foamex, LP, Foamex International, Inc. and FMXI, Inc. (collectively referred to as "Foamex Defendants") adopt by reference as if fully rewritten herein, Foamex Defendants' Answer and Affirmative defenses to Plaintiffs' First Amended Master Complaint in *Gray, et al. v. Jefferey Derderian, et al.* (C.A. No. 1:04-CV-312-L) and their Answer to Plaintiffs' Notice of Adoption of First Amended Master Complaint[1] in *Henault, et al. v. American Foam Corporation, et al.* (C.A. No. 03-483-L) and furthermore state as follows:

## INTRODUCTION

Plaintiffs' First Amended Master Complaint includes an Introductory Statement to which no response is required. To the extent there are factual allegations contained in the Introductory Statement to Plaintiffs ' First Amended Master Complaint, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-

[1] Plaintiffs have adopted the Notice of Adoption of First Amended Master Complaint in *Henault, et al. v. American Foam Corporation, et al.* and/or have filed a proforma complaint in these proceedings.

13

reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

**PARTIES**

**Plaintiffs**

1. Foamex Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 through 240, including any of the subparts contained in Paragraphs 1 through 240, of the First Amended Master Complaint and therefore, the Foamex Defendants cannot admit or deny these allegations.

2. Paragraphs 241 though 270 of the First Amended Master Complaint purport to be reserved, and therefore, no response by the Foamex Defendants is required.

**GENERAL ALLEGATIONS AS TO ALL DEFENDANTS**

3. In response to Paragraph 271 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny that Plaintiffs are entitled to recover against the Foamex Defendants based on any legal theory, and the Foamex Defendants specifically deny that the Foamex Defendants caused any damages or injuries to Plaintiffs that would entitle Plaintiffs to any relief, including punitive damages. Nevertheless, the Plaintiffs' First Amended Master Complaint on its face appears to support the jurisdiction in this Court.

**JEFFERY DERDERIAN**

4. In response to Paragraph 272 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 3 of their Answer to Plaintiffs' First Amended Master Complaint.

5. Paragraphs 273 through 279 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 273 through 279 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint. To the extent that any of the allegations in Paragraphs 273 through 279 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT I**
**JEFFREY DERDERIAN – NEGLIGENCE**

6. In response to Paragraph 280 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 5 of their Answer to Plaintiffs' First Amended Master Complaint.

7. In response to Paragraph 281 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT II**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

8. In response to Paragraph 282 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 7 of their Answer to Plaintiffs' First Amended Master Complaint.

9. In response to Paragraph 283 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**MICHAEL DERDERIAN**

10. In response to Paragraph 284 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 9 of their Answer to Plaintiffs' First Amended Master Complaint.

11. Paragraphs 285 and 286 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 285 and 286 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the

allegations against these defendants in the First Amended Master Complaint. To the extent that any of the allegations in Paragraphs 285 and 286 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT III**
**MICHAEL DERDERIAN – NEGLIGENCE**

12. In response to Paragraph 287 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 11 of their Answer to Plaintiffs' First Amended Master Complaint.

13. In response to Paragraph 288 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT IV**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

14. In response to Paragraph 289 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 13 of their Answer to Plaintiffs' First Amended Master Complaint.

15. In response to Paragraph 290 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**DERCO, LLC**

16. Paragraphs 291 through 293 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To

the extent that Paragraphs 291 through 293 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint. To the extent that any of the allegations in Paragraphs 291 through 293 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT V**
**DERCO, LLC – NEGLIGENCE**

17. In response to Paragraph 294 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 16 of their Answer to Plaintiffs' First Amended Master Complaint.

18. In response to Paragraph 295 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT VI**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

19. In response to Paragraph 296 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 18 of their Answer to Plaintiffs' First Amended Master Complaint.

20. In response to Paragraph 297 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**HOWARD JULIAN**

21. Paragraphs 298 and 299 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 298 and 299 ares deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT VII**
**HOWARD JULIAN – NEGLIGENCE**

22. In response to Paragraph 300 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 21 of their Answer to Plaintiffs' First Amended Master Complaint.

23. In response to Paragraph 301 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT VIII**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

24. In response to Paragraph 302 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 23 of their Answer to Plaintiffs' First Amended Master Complaint.

25. In response to Paragraph 303 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**TRITON REALTY LIMITED PARTNERSHIP**

26. Paragraphs 304 through 307 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 304 through 307 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT IX**
**TRITON REALTY LIMITED PARTNERSHIP – NEGLIGENCE**

27. In response to Paragraph 308 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 26 of their Answer to Plaintiffs' First Amended Master Complaint.

28. In response to Paragraph 309 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT X**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

29. In response to Paragraph 310 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 28 of their Answer to Plaintiffs' First Amended Master Complaint.

30. In response to Paragraph 311 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**TRITON REALTY, INC.**

31. Paragraphs 312 through and 315 contains allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 312 through and 315 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XI**
**TRITON REALTY, INC. – NEGLIGENCE**

32. In response to Paragraph 316 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 31 of their Answer to Plaintiffs' First Amended Master Complaint.

33. In response to Paragraph 317 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XII**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

34. In response to Paragraph 318 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 33 of their Answer to Plaintiffs' First Amended Master Complaint.

35. In response to Paragraph 319 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**RAYMOND J. VILLANOVA**

36. Paragraphs 320 through 323 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 320 through 323 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XIII**
**RAYMOND J. VILLANOVA – NEGLIGENCE**

37. In response to Paragraph 324 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 36 of their Answer to Plaintiffs' First Amended Master Complaint.

38. In response to Paragraph 325 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XIV**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

39. In response to Paragraph 326 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 38 of their Answer to Plaintiffs' First Amended Master Complaint.

40. In response to Paragraph 327 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**JACK RUSSELL**

41. Paragraphs 328 through 331 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 328 through 331 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

**COUNT XV**
**JACK RUSSELL – NEGLIGENCE**

42. In response to Paragraph 332 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 41 of their Answer to Plaintiffs' First Amended Master Complaint.

43. In response to Paragraph 333 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XVI**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

44. In response to Paragraph 334 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 43 of their Answer to Plaintiffs' First Amended Master Complaint. Further, the Foamex Defendants state that the allegation in Paragraph 334 is a legal conclusion to which no response is required.

**JACK RUSSELL TOURING, INC.**

45. Paragraphs 335 through 337 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 335 through 337 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

46. In response to Paragraphs 338 and 339 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that these Paragraphs contain allegations that are legal conclusions to which no response is required. To the extent that Paragraphs 338 and 339 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but to the extent the allegations are true, the

conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

**COUNT XVII**
**JACK RUSSELL TOURING, INC. – NEGLIGENCE**

47. In response to Paragraph 340 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 46 of their Answer to Plaintiffs' First Amended Master Complaint.

48. In response to Paragraph 341 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XVIII**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

49. In response to Paragraph 342 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 48 of their Answer to Plaintiffs' First Amended Master Complaint.

50. In response to Paragraph 343 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**PAUL WOOLNOUGH**

51. Paragraphs 344 through 347 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 344 through 347 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in

whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

## COUNT XIX
## PAUL WOOLNOUGH – NEGLIGENCE

52. In response to Paragraph 348 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 51 of their Answer to Plaintiffs' First Amended Master Complaint.

53. In response to Paragraph 349 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

## COUNT XX
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

54. In response to Paragraph 350 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 53 of their Answer to Plaintiffs' First Amended Master Complaint.

55. In response to Paragraph 351 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

## MANIC MUSIC MANAGEMENT, INC.

56. Paragraphs 352 through 355 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 352 through 355 are deemed to contain factual allegations to

which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

**COUNT XXI**
**MANIC MUSIC MANAGEMENT, INC. – NEGLIGENCE**

57. In response to Paragraph 356 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 56 of their Answer to Plaintiffs' First Amended Master Complaint.

58. In response to Paragraph 357 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XXII**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

59. In response to Paragraph 358 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 58 of their Answer to Plaintiffs' First Amended Master Complaint.

60. In response to Paragraph 359 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**KNIGHT RECORDS, INC.**

61. Paragraphs 360 through 363 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 360 through 363 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

**COUNT XXIII**
**KNIGHT RECORDS, INC. – NEGLIGENCE**

62. In response to Paragraph 364 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 61 of their Answer to Plaintiffs' First Amended Master Complaint.

63. In response to Paragraph 365 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XXIV**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

64. In response to Paragraph 366 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 63 of their Answer to Plaintiffs' First Amended Master Complaint.

65. In response to Paragraph 367 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

## DANIEL BIECHELE

66. In response to Paragraph 368 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, the Foamex Defendants cannot admit or deny these allegations.

67. Paragraphs 369 through 371 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 369 through 371 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

## COUNT XXV
## DANIEL BIECHELE – NEGLIGENCE

68. In response to Paragraph 372 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 67 of their Answer to Plaintiffs' First Amended Master Complaint.

69. In response to Paragraph 373 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XXVI**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

70. In response to Paragraph 374 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 69 of their Answer to Plaintiffs' First Amended Master Complaint.

71. In response to Paragraph 375 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**ANHEUSER-BUSCH, INCORPORATED and**
**ANHEUSER-BUSCH COMPANIES, INCORPORATED**

72. Paragraphs 376 through 384 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 376 through 384 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XXVII**
**ANHEUSER-BUSCH – NEGLIGENCE**

73. In response to Paragraph 385 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 72 of their Answer to Plaintiffs' First Amended Master Complaint.

74. In response to Paragraph 386 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**McLAUGHLIN & MORAN**

75. Paragraphs 387 through 392 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 387 through 392 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XXVIII**
**McLAUGHLIN & MORAN – NEGLIGENCE**

76. In response to Paragraph 393 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 75 of their Answer to Plaintiffs' First Amended Master Complaint.

77. In response to Paragraph 394 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**WHJY, INC. AND CAPSTAR RADIO OPERATING COMPANY**

78. Paragraphs 395 through 402 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 396 through 402 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XXIX**
**WHJY, INC. AND/OR CAPSTAR – NEGLIGENCE**

79. In response to Paragraph 403 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 78 of their Answer to Plaintiffs' First Amended Master Complaint.

80. In response to Paragraph 404 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**CLEAR CHANNEL BROADCASTING, INC.**

81. Paragraphs 405 through 408 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 405 through 408 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XXX**
**CLEAR CHANNEL BROADCASTING, INC. – NEGLIGENCE**

82. In response to Paragraph 403 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 81 of their Answer to Plaintiffs' First Amended Master Complaint.

83. In response to Paragraph 410 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**DENIS P. LAROCQUE, ANTHONY BETTENCOURT AND MALCOM MOORE, IN HIS CAPACITY AS FINANCE DIRECTOR OF THE TOWN OF WEST WARWICK**

84. Paragraph 411 contains allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraph 411 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

85. In response to Paragraphs 412 and 413 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, the Foamex Defendants cannot admit or deny these allegations.

86. Paragraphs 414 through 423 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 414 through 423 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the

conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

87. In response to Paragraph 424 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

88. Paragraph 425 contains allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraph 425 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

**COUNT XXXI**
**MALCOM MOORE IN HIS CAPACITY AS FINANCE DIRECTOR OF THE TOWN OF WEST WARWICK – NEGLIGENCE**

89. In response to Paragraph 426 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 88 of their Answer to Plaintiffs' First Amended Master Complaint.

90. In response to Paragraph 427 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XXXII**
**DENIS P. LAROCQUE, FIRE INSPECTOR – NEGLIGENCE**

91. In response to Paragraph 428 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 90 of their Answer to Plaintiffs' First Amended Master Complaint.

92. In response to Paragraph 429 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XXXIII**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

93. In response to Paragraph 430 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 92 of their Answer to Plaintiffs' First Amended Master Complaint.

94. In response to Paragraph 431 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**COUNT XXXIV**
**ANTHONY BETTENCOURT – NEGLIGENCE**

95. In response to Paragraph 432 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 94 of their Answer to Plaintiffs' First Amended Master Complaint.

96. In response to Paragraph 433 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**STATE OF RHODE ISLAND AND**
**IRVING J. OWENS, FIRE MARSHAL**

97. Paragraphs 434 through 436 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 434 through 436 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

**COUNT XXXV**
**STATE OF RHODE ISLAND – NEGLIGENCE**

98. In response to Paragraph 437 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 97 of their Answer to Plaintiffs' First Amended Master Complaint.

99. In response to Paragraph 438 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XXXVI**
**IRWIN J. OWENS – NEGLIGENCE**

100. In response to Paragraph 439 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 99 of their Answer to Plaintiffs' First Amended Master Complaint.

101. In response to Paragraph 440 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**BRIAN BUTLER**

102. Paragraphs 441 through 444 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 441 through 444 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XXXVII**
**BRIAN BUTLER – NEGLIGENCE**

103. In response to Paragraph 445 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 102 of their Answer to Plaintiffs' First Amended Master Complaint.

104. In response to Paragraph 446 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**TVL BROADCASTING, INC.**

105. Paragraphs 447 and 448 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 447 and 448 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

106. In response to Paragraph 449 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

107. Paragraph 450 contains allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraph 450 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XXXVIII**
**TVL BROADCASTING, INC. – NEGLIGENCE**

108. In response to Paragraph 451 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 107 of their Answer to Plaintiffs' First Amended Master Complaint.

109. In response to Paragraph 452 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**STC BROADCASTING, INC.**

110. Paragraphs 453 and 454 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 453 and 454 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

111. In response to Paragraph 455 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

112. Paragraph 456 contains allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraph 456 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XXXIX**
**STC BROADCASTING – NEGLIGENCE**

113. In response to Paragraph 457 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 112 of their Answer to Plaintiffs' First Amended Master Complaint.

114. In response to Paragraph 458 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**BARRY H. WARNER**

115. In response to Paragraph 459 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, the Foamex Defendants cannot admit or deny these allegations.

116. Paragraphs 460 through 464 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To

the extent that Paragraphs 460 through 464 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint. To the extent that these allegations can be construed to pertain in any way to these defendants or to any foam that may have been manufactured, distributed, or sold by GFC , the Foamex Defendants specifically deny these allegations.

**COUNT XL**
**BARRY H. WARNER – NEGLIGENCE**

117. In response to Paragraph 465 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 116 of their Answer to Plaintiffs' First Amended Master Complaint.

118. In response to Paragraph 466 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT XLI**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

119. In response to Paragraph 467 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 118 of their Answer to Plaintiffs' First Amended Master Complaint.

120. In response to Paragraph 431 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**COUNT XLII**
**LUNA TECH, INC – NEGLIGENCE**

121. Paragraphs 469 through 472 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 469 through 472 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XLIII**
**LUNA TECH, INC. – STRICT LIABILITY**

122. In response to Paragraph 473 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 121 of their Answer to Plaintiffs' First Amended Master Complaint.

123. Paragraphs 474 through 477 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 470 through 472 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XLIV**
**LUNA TECH, INC. – BREACH OF WARRANTY**

124. In response to Paragraph 478 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 123 of their Answer to Plaintiffs' First Amended Master Complaint.

125. Paragraphs 479 and 480 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 479 and 480 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XLV**
**HIGH TECH SPECIAL EFFECTS, INC – NEGLIGENCE**

126. Paragraphs 481 through 484 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 481 through 484 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XLVI**
**HIGH TECH SPECIAL EFFECTS, INC. – STRICT LIABILITY**

127. Paragraphs 485 through 489 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 485 through 489 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XLVII**
**HIGH TECH SPECIAL EFFECTS, INC. – BREACH OF WARRANTY**

128. Paragraphs 490 and 492 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 490 and 492 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT XLVIII**
**AMERICAN FOAM CORPORATION – NEGLIGENCE**

129. In response to Paragraph 493 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 128 of their Answer to Plaintiffs' First Amended Master Complaint.

130. Paragraphs 494 through 498 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 494 through 498 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint. To the extent that these allegations can be construed to imply that any GFC product was

defective, unreasonably dangerous and/or toxic, the Foamex Defendants specifically deny these allegations.

**COUNT XLIX**
**AMERICAN FOAM CORPORATION – STRICT LIABILITY**

131. In response to Paragraph 499 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 130 of their Answer to Plaintiffs' First Amended Master Complaint.

132. Paragraphs 500 through 503 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 500 through 503 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 500 through 503 can be construed to pertain in any way to these defendants or to any foam that may have been manufactured, distributed or sold by GFC,, the Foamex Defendants specifically deny these allegations.

**COUNT L**
**AMERICAN FOAM CORPORATION – BREACH OF WARRANTY**

133. In response to Paragraph 504 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 132 of their Answer to Plaintiffs' First Amended Master Complaint.

134. Paragraphs 505 and 506 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To

the extent that Paragraphs 505 and 506 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations, but state that they are in whole or in part consistent with information and statements widely-reported by various media sources and/or government entities, and to the extent the allegations are true, the conduct described therein constitutes an intervening or superseding cause with respect to the allegations against these defendants in the First Amended Master Complaint.

## COUNT LI
## LEGGETT & PLATT INCORPORATED – NEGLIGENCE

135. In response to Paragraph 507 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 134 of their Answer to Plaintiffs' First Amended Master Complaint.

136. Paragraphs 508 and 509 contain allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To the extent that Paragraphs 508 and 509 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

137. In response to Paragraph 510 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required. To the extent that Paragraph 510 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants deny these allegations.

138. Paragraph 511 contains allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraph 511 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraph 511 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT LII**
**LEGGETT & PLATT INCORPORATED – STRICT LIABILITY**

139. In response to Paragraph 512 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 138 of their Answer to Plaintiffs' First Amended Master Complaint.

140. Paragraphs 513 through 526 contain allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To the extent that Paragraphs 513 through 526 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 513 through 526 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

141. Paragraphs 527 through 532 contain allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To

the extent that Paragraphs 527 through 532 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 527 through 532 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT LIII**
**LEGGETT & PLATT INCORPORATED – BREACH OF WARRANTY**

142. In response to Paragraph 533 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 140 of their Answer to Plaintiffs' First Amended Master Complaint.

143. Paragraphs 534 and 535 contain allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To the extent that Paragraphs 534 and 535 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT LIV**
**L&P FINANCIAL SERVICES CO. – NEGLIGENCE**

144. In response to Paragraph 536 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 143 of their Answer to Plaintiffs' First Amended Master Complaint.

145. Paragraph 537 contains allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To the extent that Paragraph 537 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

146. In response to Paragraph 538 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required. To the extent that Paragraph 538 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants deny these allegations.

147. Paragraph 539 contains allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraph 539 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraph 539 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT LV**
**L&P FINANCIAL SERVICES CO. – STRICT LIABILITY**

148. In response to Paragraph 540 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 147 of their Answer to Plaintiffs' First Amended Master Complaint.

149. Paragraphs 541 through 554 contain allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To the extent that Paragraphs 541 through 554 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 541 through 554 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

150. Paragraphs 555 through 560 contain allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To the extent that Paragraphs 555 through 560 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 555 through 560 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT LVI**
**L&P FINANCIAL SERVICES CO. – BREACH OF WARRANTY**

151. In response to Paragraph 561 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 150 of their Answer to Plaintiffs' First Amended Master Complaint.

152. Paragraphs 562 and 563 contain allegations that do not directly pertain to the Foamex Defendants, and therefore, no response is required by these defendants. To

the extent that Paragraphs 562 and 563 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT LVII**
**GENERAL FOAM CORPORATION – NEGLIGENCE**

153. In response to Paragraph 564 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 152 of their Answer to Plaintiffs' First Amended Master Complaint.

154. In response to Paragraph 565 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants admit that General Foam Corporation is a Delaware Corporation, but deny the remaining allegations.

155. In response to Paragraph 566 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that this allegation is a legal conclusion to which no response is required. To the extent Paragraph 566 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants deny these allegations.

156. In response to Paragraph 567 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny this allegation.

**COUNT LVIII**
**GENERAL FOAM CORPORATION – STRICT LIABILITY**

157. In response to Paragraph 568 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 156 of their Answer to Plaintiffs' First Amended Master Complaint.

158. In response to Paragraphs 569 through 582 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny these allegations.

159. In response to Paragraphs 583 through 588 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny these allegations.

**COUNT LIX**
**GENERAL FOAM CORPORATION – BREACH OF WARRANTY**

160. In response to Paragraph 589 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 159 of their Answer to Plaintiffs' First Amended Master Complaint.

161. In response to Paragraphs 590 and 591 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny these allegations.

**COUNT LX**
**GFC FOAM, LLC – NEGLIGENCE**

162. In response to Paragraph 592 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 161 of their Answer to Plaintiffs' First Amended Master Complaint.

163. In response to Paragraphs 593 and 594 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants admit that GFC Foam, LLC is a Delaware Limited Liability Company, but deny the remaining allegations. To the extent that any of the allegations in Paragraphs 593 and 594 allege that any foam that may have been

manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

164. In response to Paragraph 595 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that this allegation is a legal conclusions to which no response is required. To the extent Paragraph 595 is deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants deny these allegations.

165. In response to Paragraph 596 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny these allegations.

**COUNT LXI**
**GFC FOAM, LLC – STRICT LIABILITY**

166. In response to Paragraph 597 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 165 of their Answer to Plaintiffs' First Amended Master Complaint.

167. In response to Paragraphs 598 through 611 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny these allegations.

168. In response to Paragraphs 612 through 617 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny these allegations.

**COUNT LXII**
**GFC FOAM, LLC – BREACH OF WARRANTY**

169. In response to Paragraph 618 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 168 of their Answer to Plaintiffs' First Amended Master Complaint.

170. In response to Paragraphs 619 and 620 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants deny these allegations.

**COUNT LXIII**
**FOAMEX LP – SUCCESSOR LIABILITY FOR GENERAL FOAM CORPORATION**

171. In response to Paragraph 621 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 170 of their Answer to Plaintiffs' First Amended Master Complaint.

172. In response to Paragraph 622 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants admit that Foamex LP is a Delaware limited partnership, but deny the remaining allegations. The Foamex Defendants specifically deny that Plaintiffs are entitled to recover against the Foamex Defendants based on any legal theory.

**COUNT LXIV**
**FOAMEX INTERNATIONAL INC. – LIABILITY FOR FOAMEX LP**

173. In response to Paragraph 623 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 172 of their Answer to Plaintiffs' First Amended Master Complaint.

174. In response to Paragraphs 624 and 625 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants admit that Foamex International is a Delaware Corporation, but deny the remaining allegations. The Foamex Defendants

specifically deny that Plaintiffs are entitled to recover against the Foamex Defendants based on any legal theory.

**COUNT LXV**
**FMXI, INC. – LIABILITY AS GENERAL PARTNER**

175. In response to Paragraph 626 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 174 of their Answer to Plaintiffs' First Amended Master Complaint.

176. In response to Paragraphs 627 and 628 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants admit that FMXI, Inc. is a Delaware Corporation and is the managing general partner of Foamex LP, but deny the remaining the allegations. The Foamex Defendants specifically deny that Plaintiffs are entitled to recover against the Foamex Defendants based on any legal theory.

**COUNT LXVI**
**PMC, INC.**

177. In response to Paragraph 629 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 176 of their Answer to Plaintiffs' First Amended Master Complaint.

178. In response to Paragraphs 630 and 631 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants admit that PNC, Inc. is a Delaware Corporation, a subsidiary of PMC Global, Inc. and the parent company of General Foam Corporation, but deny the remaining allegations.

**COUNT LXVII**
**PMC GLOBAL, INC.**

179. In response to Paragraph 632 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 178 of their Answer to Plaintiffs' First Amended Master Complaint.

180. In response to Paragraphs 633 and 634 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants admit that PMC Global, Inc. is a Delaware Corporation which owns 100% of the stock of PMC, Inc., but deny the remaining allegations.

**COUNT LXVIII**
**JBL INCORPORATED – NEGLIGENCE**

181. Paragraphs 635 through 643 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 635 through 643 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 635 through 643 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT LXIX**
**JBL INCORPORATED – STRICT LIABILITY**

182. In response to Paragraph 644 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 181 of their Answer to Plaintiffs' First Amended Master Complaint.

183. Paragraphs 645 through 648 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 486 through 489 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 645 through 648 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT LXX**
**JBL INCORPORATED – BREACH OF WARRANTY**

184. In response to Paragraph 649 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 183 of their Answer to Plaintiffs' First Amended Master Complaint.

185. Paragraphs 650 and 651 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 650 and 651 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**ESSEX INSURANCE COMPANY, MULTI-STATE INSPECTIONS, INC. AND HIGH CALIBER INSPECTIONS, INC.**

186. In response to Paragraph 652 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 185 of their Answer to Plaintiffs' First Amended Master Complaint.

187. Paragraphs 653 through 659 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 653 through 659 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT LXXI**
**ESSEX INSURANCE COMPANY – NEGLIGENCE**

188. In response to Paragraph 660 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 187 of their Answer to Plaintiffs' First Amended Master Complaint.

189. In response to Paragraph 661 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT LXXII**
**MULTI-STATE INSPECTIONS, INC. – NEGLIGENCE**

190. In response to Paragraph 662 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 189 of their Answer to Plaintiffs' First Amended Master Complaint.

191. In response to Paragraph 663 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT LXXIII**
**HIGH CALIBER INSPECTIONS, INC. – NEGLIGENCE**

192. In response to Paragraph 665 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 191 of their Answer to Plaintiffs' First Amended Master Complaint.

193. In response to Paragraph 665 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**UNDERWRITERS AT LLOYD'S, LONDON AND**
**GRESHAM & ASSOCIATES OF R.I., INC.**

194. Paragraphs 666 through 675 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 666 through 675 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT LXXIV**
**UNDERWRITERS AT LLOYD'S, LONDON – NEGLIGENCE**

195. In response to Paragraph 676 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 194 of their Answer to Plaintiffs' First Amended Master Complaint.

196. In response to Paragraph 677 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT LXXV**
**GRESHAM & ASSOCIATES OF R.I., INC. – NEGLIGENCE**

197. In response to Paragraph 678 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 196 of their Answer to Plaintiffs' First Amended Master Complaint.

198. In response to Paragraph 679 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**ABC BUS, INC. d/b/a ABC BUS LEASING, INC.**

199. Paragraphs 680 through 683 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 680 through 683 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT LXXVI**
**ABC BUS, INC. d/b/a ABC BUS LEASING, INC. – NEGLIGENCE**

200. In response to Paragraph 684 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 199 of their Answer to Plaintiffs' First Amended Master Complaint.

201. In response to Paragraph 685 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT LXXVII**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

202. In response to Paragraph 686 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 201 of their Answer to Plaintiffs' First Amended Master Complaint.

203. In response to Paragraph 687 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**SUPERSTAR SERVICES LLC**

204. Paragraphs 688 through 691 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 688 through 691 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations.

**COUNT LXXVIII**
**SUPERSTAR SERVICES LLC – NEGLIGENCE**

205. In response to Paragraph 692 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in

Paragraphs 1 through 204 of their Answer to Plaintiffs' First Amended Master Complaint.

206. In response to Paragraph 693 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the Paragraph is informational to which no response is required.

**COUNT LXXIX**
**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

207. In response to Paragraph 694 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 206 of their Answer to Plaintiffs' First Amended Master Complaint.

208. In response to Paragraph 695 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants state that the allegation is a legal conclusion to which no response is required.

**COUNT LXXX**
**"JOHN DOE" DEFENDANTS – NEGLIGENCE**

209. In response to Paragraph 696 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 208 of their Answer to Plaintiffs' First Amended Master Complaint.

210. Paragraphs 697 through 701 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 697 through 701 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no

personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 697 through 701 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**COUNT LXXXI**
**"JOHN DOE" DEFENDANTS – STRICT LIABILITY**

211. In response to Paragraph 702 of the Plaintiffs' First Amended Master Complaint, the Foamex Defendants incorporate by reference, their responses in Paragraphs 1 through 210 of their Answer to Plaintiffs' First Amended Master Complaint.

212. Paragraphs 702 through 706 contain allegations that do not directly pertain to the Foamex Defendants and therefore no response is required by these defendants. To the extent that Paragraphs 703 through 706 are deemed to contain factual allegations to which response is required by these defendants, the Foamex Defendants have no personal knowledge upon which to admit or deny the allegations. To the extent that any of the allegations in Paragraphs 703 through 706 can be construed to allege that any foam that may have been manufactured, distributed or sold by GFC was defective or unreasonably dangerous, the Foamex Defendants specifically deny these allegations.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state claims upon which relief can be granted against the Foamex Defendants in that plaintiffs have failed to allege facts sufficient to show that the plaintiffs are entitled to relief as averred, in fact or in law.

**SECOND AFFIRMATIVE DEFENSE**

basis of any bargain between the Plaintiffs or any of them on the one hand and the Foamex Defendants on the other hand.

## SIXTH AFFIRMATIVE DEFENSE

There is no warranty of merchantability which applies in the above-entitled matter.

## SEVENTH AFFIRMATIVE DEFENSE

There is no warranty of fitness for a particular purpose which applies in the above-entitled matter in that Plaintiffs were not purchasers, the Foamex Defendants was not a seller, the Plaintiffs not being purchasers, never asked the Foamex Defendants to select a product for a purpose requested by any of the Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that the foam product referred to in the Plaintiffs' First Amended Master Complaint was altered or modified, Plaintiffs may have no relief against the Foamex Defendants, pursuant to Title 9 of the Rhode Island General Laws.

## NINTH AFFIRMATIVE DEFENSE

To the extent that any of the tangible matters which are the subject of Plaintiffs' First Amended Master Complaint, have not been preserved in their immediate post-accident condition, the Foamex Defendants affirmatively assert the defense of spoliation.

## TENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs or any of them voluntarily assumed known risks, then Plaintiffs may have no recovery against the Foamex Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that any party to this action is guilty of any comparative fault, then any award against the Foamex Defendants should be reduced pursuant to such parties' percentage share of comparative fault, pursuant to Title 9 of the Rhode Island General Laws.

## **TWELFTH AFFIRMATIVE DEFENSE**

To the extent that the foam product referred to in the Plaintiffs' First Amended Master Complaint had become an intricate part of the building referred to in the Plaintiffs' First Amended Master Complaint or had become what is known as a common law fixture, then Plaintiffs may have no recovery in strict liability or warranty.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that the foam product referred to in the Plaintiffs' First Amended Master Complaint had become an intricate part of the building referred to in the Plaintiffs' First Amended Master Complaint or had become a common law fixture in the building referred to in the Plaintiffs' First Amended Master Complaint, and if said foam product had resided in said building as a fixture or as an intricate part of said building, for more than ten years, then Plaintiffs' action is time barred pursuant to the applicable Statute of Repose.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

The Foamex Defendants assert the affirmative defense of mitigation of damages, and therefore Plaintiffs are precluded from recovering damages to the extent they have failed to mitigate.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Foamex Defendants assert the affirmative defense that under the laws applicable to this case and to the extent claimed by Plaintiffs, no punitive damages can be recovered by Plaintiffs as punitive damages are appropriate only when there is proof that the acts complained of were willful, wanton and malicious, amounting to criminality, and done with the intent to cause harm.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Foamex Defendants assert the affirmative defense that to the extent Plaintiffs seek to impose punitive damages, any such claim for punitive damages would be unconstitutional under the United States Constitution and applicable provisions of the Rhode Island State Constitution and unlawful under applicable States' statutes to the extent that, among other things: (1) the Foamex Defendants' liability for punitive damages and the appropriate amount of punitive damages are not required to be established by clear and convincing evidence; (2) punitive damages are sought to be awarded without bifurcating the trial of all punitive damages issues; (3) any award of punitive damages is sought with no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that the court or a jury may impose; (4) any award of punitive damages is based on anything other than the Foamex Defendants' alleged conduct in connection with the transaction at issue in this lawsuit; or (5) an award of punitive damages is sought for the purpose of compensating Plaintiffs for elements of damage not otherwise recognizable by applicable State law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Foamex Defendants assert the affirmative defense that to the extent Plaintiffs seek to impose punitive or exemplary damages, Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Rhode Island. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide the discretion used in determining whether to award punitive damages; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages in any amount that is not both reasonable and proportionate to the amount of harm, if any to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit consideration of net worth or other financial information; (6) does not expressly prohibit awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including the corporate status of the Foamex Defendants; (7) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (8) lacks constitutionally sufficient standards for appellate review of any punitive damages award; and (9) otherwise fails to satisfy U.S. Supreme Court precedent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Foamex Defendants affirmatively allege that the claims asserted in the Plaintiffs' First Amended Master Complaint against the Foamex Defendants, are barred by the "learned intermediary" doctrine, and/or the "sophisticated user" doctrine, and/or the principles of §388 of the Restatement (Second) of Torts.

**NINETEENTH AFFIRMATIVE DEFENSE**

Foamex International, Inc. and FMXI, Inc. assert the affirmative defense of lack of personal jurisdiction over it by this Court and the Rhode Island State Court from which the action was removed.

**TWENTIETH AFFIRMATIVE DEFENSE**

Foamex International, Inc. asserts that it does not exert sufficient control over Foamex LP or its related entities and is not the alter ego to Foamex LP or its related entities.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Foamex Defendants assert a lack of proximate cause between any acts, errors, or omissions of the Foamex Defendants and the accident and injuries alleged by Plaintiffs in their First Amended Master Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Foamex Defendants deny that there is a causal relationship between the conduct of the Foamex Defendants and the injuries of the Plaintiffs as alleged in the First Amended Master Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action are barred in whole or in part because certain of the dangers alleged by Plaintiffs, if they existed at all, were open and obvious.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action are barred in whole or in part to the extent the foam products that allegedly caused injury conformed to the state of the art with respect to design, development, manufacture, production and warnings at the time of sale.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The Foamex Defendants affirmatively allege that Plaintiffs' claims are barred and/or limited by the Bulk Supplier doctrine as set forth in the Restatement (Third) of Torts § 5 (1998).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The Foamex Defendants are not a successor-in-interest to General Foam Corporation and/or GFC Foam, LLC, or otherwise responsible for any alleged predecessors and/or other entities referred to in the Plaintiffs' First Amended Master Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The Foamex Defendants hereby incorporate the affirmative defenses of the co-defendants in this action to the extent that such affirmative defenses are not inconsistent with the affirmative defenses pled by the Foamex Defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The Foamex Defendants respectfully reserve the right to amend their Answer or to add such additional affirmative defenses, cross-claims and third-party Complaints as may be disclosed during the course of discovery in the captioned matter.

**WHEREFORE,** Defendants Foamex, LP, Foamex International, Inc. and FMXI, Inc. pray that:

(a) the First Amended Master Complaint be dismissed with prejudice as to Foamex, LP, Foamex International, Inc. and FMXI, Inc.;

(b) Plaintiffs' demand for relief against Foamex, LP, Foamex International, Inc. and FMXI, Inc. be denied in every respect;

(c) Foamex, LP, Foamex International, Inc. and FMXI, Inc. be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) the Court grant such other and further relief as may be just, proper, and equitable.

**DEFENDANTS FOAMEX, LP, FOAMEX INTERNATIONAL, INC., AND FMXI, INC. HEREBY DEMAND TRIAL BY JURY.**

The Foamex Defendants assert the affirmative defense that any alleged injuries or damages sustained by Plaintiffs were not directly or proximately caused by any direct or indirect act or any omission of the Foamex Defendants but were the result of independent, intervening and/or superseding negligent and/or criminal acts or omissions of parties or non parties over whom the Foamex Defendants had no control and for whom the Foamex Defendants are not legally responsible.

**THIRD AFFIRMATIVE DEFENSE**

The Foamex Defendants may not be held liable to the Plaintiffs in that the foam product referred to in the Plaintiffs' First Amended Master Complaint was misused and/or abused.

**FOURTH AFFIRMATIVE DEFENSE**

The Foamex Defendants affirmatively allege that the claims asserted in the Plaintiffs' First Amended Master Complaint against the Foamex Defendants are barred, either in whole or in part, by the failure of Plaintiffs to give reasonable notice of any alleged breach of warranty as required by RIGL 6A-2-607.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiffs plead a claim for express warranty, Plaintiffs may not have any recovery against the Foamex Defendants in express warranty in that Plaintiffs were not purchasers, the Foamex Defendants were not a seller, there was no representation made by the Foamex Defendants to any of the Plaintiffs which became the

Respectfully submitted,

HIGGINS, CAVANAGH & COONEY

Gerald C. DeMaria #0637
James A. Ruggieri #2828
123 Dyer Street
Providence, RI 02903
Tel: (401) 272-3500
Fax: (401) 273-8780

Of Counsel:

Carl A. Henlein, Esq.
John R. Crockett, III, Esq.
Susan S. Wettle, Esq.
FROST BROWN TODD
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363

## CERTIFICATION OF SERVICE

I hereby certify that I caused to be served a copy of the within document in pdf format by electronic mail on the 2nd day of May, 2005, to the following counsel of record:

John R. Mahoney, Esq.
johnmahoney@amlawllp.com

James R. Lee, Esq.
jlee@riag.ri.gov

Joseph V. Cavanagh, Jr., Esq.
Kristen E. Rodgers, Esq.
jvc@blishcavlaw.com

Ronald J. Resmini, Esq.
Ronald J. Creamer,. Esq.
Resminilaw@yahoo.com

Stephen E. Breggia, Esq.
sbreggia@bbglaw.us

Joseph B. Burns, Esq.
jburns@rms-law.com

Brian R. Cunha, Esq.
Karen A. Alegria, Esq.
Brian@Briancunha.com

Steven A. Minicucci, Esq.
William A. Filippo, Esq.
sminicucci@calvinolaw.com

C. Russell Bengtson, Esq.
Rbengtson@ackmlaw.com

Christopher C. Fallon, Jr., Esq.
Cfallon@Cozen.com

Marc DeSisto, Esq.
Kathleen D. Daniels, Esq.
Marc@DeSistolaw.com

Bruce P. Keller, Esq.
Jessica L. Margolis, Esq.
Bkeller@debevoise.com

Mark D. Cahill, Esq.
Eric Bradford Hermanson, Esq.
mcahill@choate.com

Ralph J. Monaco, Esq.
Rmonaco.c-l@snet.net

Patrick T. Jones, Esq.
Peter Schneider, Esq.
Pjones@cmj-law.com

Bruce P. Keller, Esq.
Jessica L. Margolis, Esq.
Bkeller@debevoise.com

Stephen M. Prignano, Esq.
Stephen J. MacGillivray, Esq.
sprignano@edwardsangell.com

Michael A. St. Pierre, Esq.
mikesp@rrsplaw.com

Michael R. DeLuca, Esq.
MRD@gsm-law.com

Stephanie DiMaio Larivee, Esq.
James Howe, Esq.
singinglawyer@msn.com

Eva Marie Mancuso, Esq.
emancuso@hwac.com

Mark T. Nugent, Esq.
Paul Sullivan, Esq.
mnugent@morrisonmahoney.com

Thomas R. Bender, Esq.
James T. Murphy, Esq.
Kelly N. Michels, Esq.
trb@hansoncurran.com

Mark C. Hadden, Esq.
Mhadden@mhaddenlaw.com

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
James Scanlon, Esq.
Cdiedrich@sloanewalsh.com

Thomas C. Angelone, Esq.
angelonelaw@aol.com

Daniel J. Horgan, Esq.
horganlaw@snet.com

Mark D. Tourgee, Esq.
Timothy A. Williamson, Esq.
inmantourgeelaw@aol.com

Earl H. Walker, Esq.
Charles L. Babcock, Esq.
Nancy W. Hamilton, Esq.
CBabcock@jw.com

James H. Reilly, III, Esq.
Donald J. Maroney, Esq.
dmaroney@kkrs.com

Faith A. LaSalle, Esq.
flasalle@lasallelaw.com

Richard W. MacAdams, Esq.
Rmacadams@mandwlaw.com

George E. Wolf, III, Esq.
Ann M. Songer, Esq.
Gwolf@shb.com

Andrew J. Trevelise, Esq.
atrevelise@reedsmith.com

Mark P. Dolan, Esq.
Anthony R. Leone, Esq.
Ricedolank@aol.com

Ronald P. Langlois, Esq.
Lauren DiSimone Wilkins, Esq.
Rlanglois@smithbrink.com

Robert I. Reardon, Jr., Esq.
Robert T. Rimmer, Esq.
Reardonlaw@aol.com

Donna M. Lamontagne, Esq.
Steven T. Hayes, Esq.
Dlamontagne@zizikpowers.com

Scott J. Tucker, Esq.
Stucker@ths-law.com

Joseph J. McGair, Esq.
jjm@petrarcamcgair.com

Steve M. Richard, Esq.
StationFireLitigation@nixonpeabody.com

Max H. Wistow, Esq.
John P. Barylick, Esq.
jdean@wistbar.com

John J. Nazzaro, Esq.
attynazzaro@aol.com

Charles N. Redihan, Esq.
credihan@kprlaw.com

Matthew F. Medeiros, Esq.
mfm@lmkbw.com

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
msmandell@msn.com

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
tmcgough@reedsmith.com

Anthony F. DeMarco, Esq.
Mark Reynolds, Esq.
tdemarco@conversent.net

Edward M. Crane, Esq.
Kimberly A. Simpson, Esq.
Deborah G. Solmor, Esq.
ecrane@skadden.com

Thomas W. Lyons, III, Esq.
tlyons@straussfactor.com

Benjamin V. White, III, Esq.
Howard A. Merten, Esq.
Eric M. Sommers, Esq.
Hmerten.station@vetterandwhite.com

Gregory L. Boyer, Esq.
Stephen E. Boyer, Esq.
Boyerlaw1@aol.com

J. Renn Olenn, Esq.
jro@olenn-penza.com

T. Dos Urbanski, Esq.
durbanski@melicklaw.com

Howard J. Julian
sohohomes@yahoo.com

John R. Crockett, II, Esq.
Carl H. Henlein, Esq.
Susan S. Wettle, Esq.
swettle@fbtlaw.com

[signature]