**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KATRINA KOLASA<br>f/k/a Katrina Buchka,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FOAM CORPORATION,<br>*et al.*,<br>Defendants. | C.A. No. 05-070 L |

**ANSWER AND AFFIRMATIVE DEFENSES OF CLEAR CHANNEL BROADCASTING, INC. AND CAPSTAR RADIO OPERATING COMPANY TO PLAINTIFF'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF FIRST AMENDED MASTER COMPLAINT**

NOW COME Defendants Clear Channel Broadcasting, Inc. and Capstar Radio Operating Company (as successor in interest to WHJY, Inc., former operator of radio station "WHJY-FM") (collectively the "Clear Channel Defendants") and, in response to the Pro Forma Complaint and the Notice of Adoption of the First Amended Master Complaint filed by Plaintiff in the above-captioned matter ("Notice of Adoption"), hereby adopt[1] and incorporate the Clear Channel Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Master Complaint, filed in Gray, et al. v. Derderian, et al. (04-312-L), and the Clear Channel Defendants' Answer and Affirmative Defenses to First Amended Master Complaint as adopted in Henault v. American Foam Corporation, et al. (93-483-L) (the "Henault Notice of Adoption"), both of which were filed on December 1, 2005.

1 *See* Order in Gray v. Derderian (04-312-L), dated December 16, 2004, granting Plaintiffs' motion for leave to file First Amended Master Complaint and establishing procedure for plaintiffs in other actions to adopt such filing, either in whole or in part.

Further, in response to the additional allegations and claims contained in Plaintiff's Notice of Adoption, the Clear Channel Defendants state as follows:

**Plaintiffs**

1. The Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Notice of Adoption.

**Defendants**

2-8. The Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 through 8 of Plaintiff's Notice of Adoption.

**ADDITIONAL COUNT ONE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO JACK RUSSELL, MARK KENDALL,**
**DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 of the First Amended Master Complaint and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

10-11. Paragraphs 10 through 11 of Additional Count One are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 10 through 11 of Additional Count One may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT TWO**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO JACK RUSSELL, MARK KENDALL,**
**DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

12. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 of the First Amended Complaint and paragraphs 1 through 11 of Plaintiff's Notice of Adoption.

13. Paragraph 13 of Additional Count Two is not directed at the Clear Channel Defendants and, therefore, requires no answer from them. To the extent that any response to the allegations of paragraph 13 of Additional Count Two may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT THREE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**NEGLIGENCE**

14. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 of the First Amended Complaint and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

15-16. Paragraphs 15 through 16 of Additional Count Three are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 15 through 16 of Additional Count

Three may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT FOUR**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**STRICT LIABILITY**

17. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 of the First Amended Complaint, and paragraphs 1 through 8 and paragraphs 14 through 16 of Plaintiff's Notice of Adoption.

18-22. Paragraphs 18 through 22 of Additional Count Four are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 18 through 22 of Additional Count Four may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT FIVE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN**

**NEGLIGENCE**

23. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 of the First Amended Complaint and paragraphs 1 through 18 of Plaintiff's Notice of Adoption.

24-34. Paragraphs 24 through 34 of Additional Count Five are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the

extent that any response to the allegations of paragraphs 24 through 34 of Additional Count Five may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT SIX**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE**

**NEGLIGENCE**

35. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 and paragraphs 411 through 429 of the First Amended Complaint, and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

36-44. Paragraphs 36 through 44 of Additional Count Six are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 36 through 44 of Additional Count Six may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT SEVEN**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE**

**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

45. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 and

paragraphs 411 through 429 of the First Amended Complaint, and paragraphs 35 through 44 of Plaintiff's Notice of Adoption.

46. Paragraph 46 of Additional Count Seven is not directed against the Clear Channel Defendants and, therefore, requires no answer from them. To the extent that any response to the allegations of paragraph 46 of Additional Count Seven may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT EIGHT**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL**

**NEGLIGENCE**

47. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 and paragraphs 434 through 440 of the First Amended Complaint, and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

48-56. Paragraphs 48 through 56 of Additional Count Eight are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 48 through 56 of Additional Count Eight may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT NINE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA**
**f/k/a KATRINA BUCHKA**
**AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHALL**

**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

57. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1 through 271 and paragraphs 434 through 440 of the First Amended Complaint, and paragraphs 47 through 56 of Plaintiff's Notice of Adoption.

58. Paragraph 58 of Additional Count Nine is not directed against the Clear Channel Defendants and, therefore, requires no answer from them. To the extent that any response to the allegations of paragraph 58 of Additional Count Nine may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA f/k/a KATRINA BUCHKA ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES, LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, their Answer and Affirmative Defenses to the First Amended Complaint and paragraphs 1 through 58 of Plaintiff's Notice of Adoption.

60-64. By Order dated September 22, 2005, the Court dismissed Additional Count Ten of the Henault Notice of Adoption as to the Clear Channel Defendants. Accordingly, to the extent that Additional Count Ten of Plaintiffs' Notice of Adoption incorporates and/or is based upon Additional Count Ten of the Henault Notice of Adoption, no response is required from the Clear Channel Defendants. In any event, Clear Channel denies the allegations of paragraphs 60 through 64 of Additional Count Ten.

**RESPONSE TO "PRAYERS FOR RELIEF SUBMITTED ON BEHALF OF THE PLAINTIFF KATRINA KOLASA FKA KATRINA BUCHKA"**

Responding to the unnumbered paragraphs comprising the "Prayers for Relief" set forth at pages 27 through 29 of Plaintiffs' Notice of Adoption, the Clear Channel Defendants state that such prayers for relief are legal conclusions to which no response is necessary. To the extent that any response to the allegations within those unnumbered paragraphs may be deemed necessary, the Clear Channel Defendants are without sufficient information to form a belief as to the truth of those allegations.

Answering further, the Clear Channel Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayers for Relief" from the Clear Channel Defendants.

**GENERAL DENIAL**

As further answer, the Clear Channel Defendants deny each and every allegation and legal conclusion contained in the Notice of Adoption that is not specifically admitted herein.

**RESERVATION**

In addition to the Affirmative Defenses set forth in the "Answer and Affirmative Defenses of Clear Channel Broadcasting and Capstar Radio Operating Company to Plaintiff's

First Amended Master Complaint," filed on December 1, 2005 in Gray, et al. v. Derderian, et al. (04-312-L), and incorporated herein by reference, the Clear Channel Defendants reserve the right to assert any and all other affirmative defenses not now known and which may hereafter develop through the course of discovery in this matter and to adopt and assert any defenses raised or asserted by any other defendant to this action to the extent that such affirmative defenses are not inconsistent with those pleaded by the Clear Channel Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Clear Channel Defendants pray that:

(a) Plaintiff's Notice of Adoption be dismissed with prejudice as to them;

(b) Plaintiff's demand for relief against the Clear Channel Defendants be denied in every respect;

(c) the Clear Channel Defendants be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) the Court grant such other and further relief as may be just, proper and equitable.

CLEAR CHANNEL BROADCASTING, INC.
AND CAPSTAR RADIO OPERATING
COMPANY

By their Attorneys,

Stephen M. Prignano (#3649)
Stephen J. MacGillivray (#5416)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

James J. Restivo, Jr., Esq.
W. Thomas McGough, Jr., Esq.
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131
(412) 288-3063 (Fax)

Dated: December 1, 2005

## CERTIFICATION

I, the undersigned, hereby certify that on the 1st day of December, 2005, I served a copy of the within ANSWER AND AFFIRMATIVE DEFENSES OF CLEAR CHANNEL BROADCASTING, INC. AND CAPSTAR RADIO OPERATING COMPANY TO PLAINTIFF'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF FIRST AMENDED MASTER COMPLAINT, by electronic mail, to the following counsel of record:

Gregory Boyer, Esq.
boyerlaw1@aol.com

Howard Julien, Esq.
sohohomes@yahoo.com

Joseph Cavanagh, Jr. , Esq.
Kristin E. Rodgers, Esq.
stationfire@blishcavlaw.com

Brian Cunha, Esq.
Brian@briancunha.com

Russell Bengston, Esq.
RBengston@ckmlaw.com

Ralph Monaco, Esq.
Rmonaco.c-l@snet.net

Michael Potenza, Esq.
mpotenza@debevoise.com

Susan Wettle, Esq.
swettle@fbtlaw.com

Eva Marie Mancuso, Esq.
emancuso@hwac.com

James Ruggieri, Esq.
jruggieri@hcc-law.com

Stefanie DiMaio-Larivee, Esq.
singinglawyer@msn.com

Stephen P. Fogerty, Esq.
fogerty@halloran-sage.com

John Mahoney, Esq.
johnmahoney@amlawllp.com

Stephen Breggia, Esq.
sbreggia@bbglaw.us

Steven Minicucci, Esq.
sminicucci@calvinolaw.com

Mark Cahill, Esq.
mcahill@choate.com

Patrick Jones, Esq.
pjones@cmj-law.com

Mark DeSisto, Esq.
marc@desistolaw.com

Mark T. Nugent, Esq.
mnugent@morrisonmahoney.com

James Murphy, Esq.
jtm@hansoncurran.com

Thomas Angelone, Esq.
angelonelaw@aol.com

Charles Babcock, Esq.
cbabcock@jw.com

Randall Souza, Esq.
rsouza@nixonpeabody.com

Charles Redihan, Jr. , Esq.
credihan@kprlaw.com

Mark Hadden, Esq.
mhadden@mhaddenlaw.com

Matthew Medeiros, Esq.
mfm@lmkbw.com

Mark Mandell, Esq.
msmandel@msn.com

Michael St. Pierre, Esq.
mikesp@rrsplaw.com

James Lee, Esq.
jlee@riag.state.ri.us

Thomas Lyons, Esq.
tlyons@straussfactor.com

Ann Songer, Esq.
asonger@shb.com

Edward Crane, Esq.
ecrane@skadden.com
Deborah Solmor, Esq.
dsolmor@skadden.com

Joseph J. McGair, Esq.
jjm@petrarcamcgair.com

Scott Tucker, Esq.
Stucker@ths-law.com

Max Wistow, Esq.
wvenditti@wistbar.com

Donald Maroney, Esq.
dmaroney@kkrs.com

Faith LaSalle, Esq.
flasalle@lasallelaw.com

Ronald Resmini, Esq.
Resminilaw@yahoo.com

Richard MacAdams, Esq.
Rmacadams@mandwlaw.com

Edwin McPherson, Esq.
emcpherson@m-klaw.com

Anthony DeMarco, Esq.
tdemarco@conversent.net

Mark Dolan, Esq.
ricedolank@aol.com

Mark Ostrowski, Esq.
mostrowski@goodwin.com

George Wolf III, Esq.
GWolf@shb.com

Curtis Diedrich, Esq.
c.diedrich@sloanewalsh.com
Edward Hinchey, Esq.
Ehinchey@sloanewalsh.com
Robert T. Norton, Esq.
rnorton@sloanewalsh.com

Ronald Langlois, Esq.
rlanglois@smithbrink.com

Howard Merten, Esq.
Hmerten.station@psh.com

Donna Lamontagne, Esq.
Dlamontagne@zizikpowers.com

Earl H. Walker, Esq.
ewalker@jw.com

Robert Reardon, Jr., Esq.
Robert Rimmer, Esq.
Reardonlaw@aol.com

Stephen M. Prignano, Esq.
sprignano@eapdlaw.com

Stephen Izzi, Esq.
Stephen.Izzi@hklaw.com

Christopher Fallon, Esq.
cfallon@cozen.com

W. Thomas McGough, Jr., Esq.
wmcgough@reedsmith.com
James J. Restivo, Jr., Esq.
jrestivo@reedsmith.com

Georgia Sullivan, Esq.
georgia.sullivan@thehartford.com

Counsel for The Clear Channel Defendants