# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT L. GRAY, Administrator, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>JEFFREY DERDERIAN, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-312L |
| TAMMY PASSA, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>JEFFREY DERDERIAN, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 03-148L |
| RONALD KINGSLEY, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>JEFFREY DERDERIAN, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 03-208L |
| BARBARA GUINDON, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FOAM CORP, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 03-335L |
| CHAD M. HENAULT, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FOAM CORP, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 03-483L |
| LINDA RODERIQUES, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FOAM CORP, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-026L |

| | | | |
|---|---|---|---|
| CHARLES SWEET, *et al.,* | Plaintiffs, | ) | |
| vs. | | ) | C.A. No. 04-056L |
| AMERICAN FOAM CORP, *et al.,* | Defendants. | ) | |
| PASCKOWSKI, *et al.,* | Plaintiffs, | ) | |
| vs. | | ) | C.A. No. 05-002L |
| DERDERIAN, *et al.,* | Defendants. | ) | |
| KOLASA | Plaintiff, | ) | |
| vs. | | ) | C.A. No. 05-070L |
| AMERICAN FOAM CORP, *et al.,* | Defendants. | ) | |

**ANSWER OF THE DEFENDANT HOWARD JULIAN**
**TO THE THIRD AMENDED MASTER COMPLAINT**

COMES NOW Defendant Howard Julian and for his Answer to the Plaintiffs' Third Amended Master Complaint in the above captioned cases states the following:

Paragraphs 1 through 266. Defendant Howard Julian is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.

Paragraphs 267-270. These paragraphs have been reserved by the Plaintiffs and therefore no response is required.

Paragraph 271. Defendant Howard Julian is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Paragraphs 272-297. Defendant Howard Julian repeats and incorporates by reference

herein his responses to all prior paragraphs of the Third Amended Master Complaint. Defendant Howard Julian is without knowledge or sufficient information to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Howard Julian, or (ii) conclusions of law to which no response is required.

Paragraph 298. Defendant Howard Julian denies the allegations contained in paragraph 298 of the First Amended Master Complaint.

Paragraph 299. Defendant Howard Julian denies the allegations contained in paragraph 299 of the First Amended Master Complaint.

Paragraph 300. Defendant Howard Julian repeats and incorporates by reference herein his responses to all prior paragraphs of the First Amended Master Complaint. To the extent that a response is required, Defendant Howard Julian denies the allegations of this paragraph.

Paragraph 301. The allegations in this paragraph are characterizations, commentary and/or conclusions of law that require no response. To the extent that a response is required, Defendant Howard Julian denies the allegations of this paragraph.

Paragraph 302. The allegations in this paragraph are characterizations, commentary and/or conclusions of law that require no response. To the extent that a response is required, Defendant Howard Julian denies the allegations of this paragraph.

Paragraph 303. The allegations in this paragraph are characterizations, commentary and/or conclusions of law that require no response. To the extent that a response is required, Defendant Howard Julian denies the allegations of this paragraph.

Paragraphs 304 through 1029. Defendant Howard Julian is without knowledge or sufficient information to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Howard Julian, or (ii)

conclusions of law to which no response is required.

## GENERAL DENIAL

Defendant Howard Julian hereby denies any allegation in any of the above captioned cases that have not been specifically admitted in this Answer to the Third Amended Master Complaint. Further, Defendant Howard Julian hereby denies any allegation made in any of the Station Fire cases even if a particular case is not listed in the caption of this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense that the Complaint fails to state any claim against this defendant upon which any relief, whether compensatory, exemplary, punitive or otherwise can be granted.

### SECOND AFFIRMATIVE DEFENSE

If the Plaintiffs should prove that injuries or damages were sustained as alleged, such injuries and damages resulted from the acts and omissions of third parties over whom this Defendant had no control or right of control.

### THIRD AFFIRMATIVE DEFENSE

While the allegations of the Plaintiffs are deemed denied with respect to negligence, statutory liability, strict liability, injury and damages, to the extent that the Plaintiffs may be able to prove the same, they were the result of intervening and/or interceding acts or superceding negligence on the part of third parties over which this Defendant has neither control nor right of control.

FOURTH AFFIRMATIVE DEFENSE

This Defendant states that, if the Plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by some person(s) or entity(ies) for whose conduct this Defendant was not and is not legally responsible.

FIFTH AFFIRMATIVE DEFENSE

This Defendant did not act individually or engage in concert of action with any one or more of the other defendants herein for the purpose of accomplishing an unlawful purpose or to accomplish some purpose, not in and of itself unlawful, by unlawful means. Nor did this Defendant join in or participate in any joint venture with any one or more of the other defendants herein. Accordingly, the Plaintiffs cannot recover against this Defendant under the theories of civil conspiracy or joint venture liability.

SIXTH AFFIRMATIVE DEFENSE

The damages, if any, recovered by the Plaintiffs from the decedents' alleged wrongful death are prescribed and limited by the provisions of R.I. Gen. Laws §§ 10-7-1 through 10-7-4.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are time-barred by the applicable Statute(s) of Limitations.

**PRAYERS FOR RELIEF**

Defendant Howard Julian denies the allegations in Paragraphs (a) through (i) of the Plaintiff's Prayer for Relief and further denies that he is liable to Plaintiffs or anyone else for any amount.

WHEREFORE Defendant Howard Julian prays that:

a. The Third Amended Master Complaint and any other Complaint filed as it relates to Defendant Howard Julian be dismissed with Prejudice;

b. Plaintiffs' demand for relief against Defendant Howard Julian be denied in every respect;

c. Defendant Howard Julian be awarded costs in connection with this litigation, including reasonable attorney's fees; and

d. The Court grant such other relief as may be just and equitable.

Respectfully Submitted,

Howard J. Julian
***Pro Se Defendant***

**DEFENDANT HOWARD JULIAN HEREBY DEMANDS TRIAL BY JURY**

Respectfully Submitted,

Howard J. Julian
***Pro Se Defendant***

## CERTIFICATION OF SERVICE

This is to certify that on this date15th day of March, 2006 a true and correct copy of defendant Howard Julian's answer to the Third Amended Master Complaint was served, Via email in PDF format only on all of the parties.

Howard J Julian

**Pro Se Defendant**